In re HAMMOND. (No. 5901.)

(Supreme Court, Appellate Division, First Department. May 22, 1914.)

1. WILLS (§ 211*)—ORDER TO PRODUCE WILL.

Where it is not shown that it was in possession of defendant, his production of a document purporting to be the will of the decedent should not be ordered.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 518; Dec. Dig. § 211.*]

2. WILLS (§ 219*)—PRODUCTION AND ORDER—"PERSON INTERESTED IN THE ESTATE."

One who has parted with his entire interest in the estate of a decedent is not entitled to an order requiring the production of an alleged will of the decedent, not being a person interested in the estate within Code Civ. Proc. § 2621a, declaring that whenever it shall appear by petition of any person interested in the estate that there is reasonable ground to believe a will of the decedent has been concealed, the court must make an order requiring the production of such instrument.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 527–531; Dec. Dig. § 219.*]

Appeal from Surrogate's Court, New York County.

Application by Charles N. Hammond for an order for the production of the will of James B. Hammond, deceased, by Arthur Lopez. From an order of the surrogate requiring production of such instrument, defendant appeals. Reversed and motion denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Charles E. Kelley, of New York City, for appellant.

John L. Wells, of New York City, for respondent.

PER CURIAM. [1, 2] The petitioner has failed to establish that Arthur Lopez had in his possession at the time in question any such paper characterized as a will as the petitioner describes. Furthermore, the petitioner, having parted with all his interest in the estate of the decedent, was not a person interested in such estate under section 2621a of the Code of Civil Procedure.

The order appealed from will therefore be reversed, with $10 costs and disbursements, and the motion to require said Lopez to produce the paper in question denied, with $10 costs.